Daniels, J.
The plaintiff, as receiver of the property and effects of the partnership of Adler & Schoenhof brought this action to obtain a judgment declaring the recovery of six judgments and the levies made under them, and an assignment of the collectable accounts of the firm fraudulent, and for an accounting and recovery of the same. The judgments were recovered in the city court upon the services of the summons upon the defendant Adler alone. Before the suits were commenced this defendant made and delivered three promissory notes to the plaintiff in three of the actions, who is his son, which were made payable respectively without grace in two, three, and four days from the 10th day of October, 1885, each for the sum of $633.22. And similar notes were made on the 12th day of October, 1885, and delivered to Solomon Bachman, one for the sum of $1,512 and the other two for $1,500 each, due in one, two and three days. The notes were all made in the firm name by the defendant Adler (but who was authorized to make notes in its name), and without the knowledge of Ms co-partner. The persons to whom these notes were made and delivered were partners, and Solomon Bachman *31 was the uncle of his co-partner. When the notes became due the suits were commenced upon them, and judgments recovered on which the property of the firm was taken in execution. But it was not necessarily a fraud for one partner without the knowledge of the other to make and deliver these notes, as long as the evidence showed that to have been done in the business of the firm, even though it may have been thereby intended to appropriate the property of the firm to the payment of these demands, to the exclusion of the other creditors. For while it is true'that one partner is legally incapable of making a general assignment of the partnership property preferring certain of the firm creditors over the others, a partner may create obligations binding on the firm, and under which its property may be taken and sold, without the assent of his co-partner. And he may in like manner sell or transfer partnership property to satisfy or secure a partnership indebtedness. These are acts within the scope and comprehension of the partnership business, and may be transacted by either of the partners, while that of assigning the property in trust for the benefit of creditors is not, and for that reason cannot be done by one partner in the absence of actually expressed or implied authority from the other. This subject was fully considered in Mabbett v. White (12 N. Y., 442), and in Graser v. Stelwagen (25 N. Y., 315), and the law is to that extent considered to be settled.
The notes which were given by Adler in the name of the firm were founded on a legal consideration. Those to his son Herman Adler were for an indebtedness created by his check given on the 1th of November, 1884, for the sum of $4,118.61, payable to the order of Adler & Schoenhof, and indorsed by Adler in the firm name, the amount of which was carried to its credit and used in its business. The other partner Schoenhof testified that this money was obtained to balance the indebtedness of his co-partner Adler to the firm. But that was denied by him, and as the amount was afterwards used without dissent as part of the assets of the firm, the fact could very well be found that it was a loan directly to the firm, as the check by which it was made imported the fact to be. That this was understood to have been its form was also disclosed by the letter of Schoenhof written in July, 1885, in which it was proposed as a condition to the continuation of the business that this debt should be specially assumed by his partner. That was not done, and as it was then evidenced by a note of the firm dated when the loan was made, but in fact given four months afterwards, and afterwards carried into another, which was superseded by the three notes on which the judgments were recovered by Herman Adler, it con- *32 tinned to be throughout the debt of the firm, and not that of the partner Adler.
The other three notes were as well sustained as demands against the firm. For it was proven by the evidence that they were given on account of an indebtedness created by the payment of a debt owing by the firm to the Ninth National Bank. To take up the note of the firm held by the bank for that debt, the defendant Bachman made and delivered his check payable to the order of the firm for the sum of $4,512, which was the aggregate amount of the three notes on which the judgments were recovered in his favor. It is true that the payment of the debt to the bank released collaterals owned by Adler and held by it as security. But these, together with the partnership accounts assigned to him by Adler to secure about $16,000 of further but .contingent indebtedness, are still held.by Bachman. This indebtedness had not matured, but still it was a legal consideration for the assignment of the accounts, if the assignment was made in good faith, as the firm was insolvent, and it would in the end devolve on Bachman to pay the obligations. Neither were judgments made inoperative or unlawful by reason of their recovery on the service of the summons on Adler and not on his partner, for the law has provided for that course of proceeding, and when it has been followed the execution may be levied upon the joint property, which in that manner can be applied to the payment of the judgment. Code Civil. Pro., §§ 1932-35. And the designed omission _ to inform Schoenhof of the service of the summonses in and of itself had no such effect upon the judgments or executions as to prevent this appropriation of the firm or joint property to their payment.
The acts which have been proven by the evidence all have the sanction and authority of the law when they have originated and been controlled by the sole design of paying and satisfying partnership obligations. And that such was the design of Adler and of the persons benefitted by such acts could be found as it was from the proof in the ■case. And it may not have been changed if the evidence excluded had been received, as portions of it should have been when it was offered. For as the parties co-operated in what they did, what was said by either to explain or characterize what they did, was admissible as proof. Material portions of evidence at first rejected were after-wards received, but that was not the fact as to a large portion of it. And if the witness had answered that he did not authorize the borrowing of the money from Herman Adler, or stated what was said by his partner when he brought the check to the firm, or what was said when he found the first note had been given, or discovered the entry *33 of the loan in the books, or the conversation relating to that fact, or the amount óf money the firm had in the Ninth National Bank,' or the time the note had to run when it was taken up by the check, or the conversation with Bachman when he was shown the financial condition of the firm, or what Adler directed the bookkeeper to do with the check, or who directed him to date back the note, or draw the check for the interest, it might have been made to appear by certain of the answers that the actuating intention of the parties was ih part to make a friendly disposition of the property of the firm for the future benefit of Henry Adler, and to prevent the other creditors from receiving any part of the assets of the insolvent firm upon their own debts. The transactions between these relatives were by no means free from suspicion. The circumstances were not those usually attending the disposition of the property of an insolvent firm, and whatever would have had a tendéncy, as several of the rejected answers might, to expose an unlawful or fraudulent intent should have been received as evidence. Great latitude is allowed in these investigations, and when an unlawful intent actuates the parties, it can ordinarily be proven only by circumstances, and however slight they may be, if they legally tend to prove the case, they should be received. While all the acts of the parties may have been lawfully performed, depending upon the intent which led to them, they would be unlawful and entitle the plaintiff as receiver to the accounting and recovery demanded if they were in any material respect prompted and produced by the intent of so disposing of the firm property as to prevent the other creditors of the firm from applying any part of that which was so appropriated, to the payment of their other debts. And another trial of the action, with so much of the rejected evidence in the case as is pertinent to that inquiry, may establish that result. Whether it will or not can in no other manner be determined than by a reversal of the judgment and the direction of a new trial. And that disposition should be made of the case.
Brady, J., concurs.